## VALIDITY OF THE CRUELTY TO ANIMALS STATUTE.

Circuit Court of Cuyahoga County.

J. B. GIBBS v. STATE OF OHIO.

Decided, May 8, 1911.

*Constitutional Law—Cruelty to Animals.*

Section 13376, General Code, providing for the punishment of one found guilty of cruelty to animals, as therein specified, is constitutional.

*Spear, Mills & Godfrey,* for plaintiff in error.
*T. H. Bushnell,* contra.

WINCH, J.; HENRY, J., and JONES, J. (sitting in place of Marvin, J.), concur.

Gibbs was charged before a justice of the peace with cruelty to animals, tried without a jury, found guilty and fined ten dollars.

The common pleas court affirmed said judgment and the case is here for review, without bill of exceptions, the only claim made in this court being that the statutes under which Gibbs was convicted are unconstitutional.

Section 13376, General Code, as amended April 13, 1910 (101 O. L., 118), provides that one guilty of cruelty to animals as therein specified, "shall be fined not less than two dollars and not more than two hundred dollars for the first offense, and for each subsequent offense such persons shall be fined not less than ten dollars nor more than two hundred dollars and imprisoned not more than sixty days or both.

Sections 13432 to 13434, General Code, inclusive, provide for trial by jury in prosecutions before a justice of the peace, when imprisonment is a part of the punishment.

Section 13435, General Code, provides that:

"In such prosecutions, where a different punishment is provided for a second or subsequent offense, the information or affidavit upon which the prosecution is based, must charge that it is the second or subsequent offense or the punishment shall be as for the first offense."

The affidavit in this case did not specify whether the offense charged was a first, second or subsequent offense.

It is urged that Section 13435, General Code, makes it possible for the person instituting a prosecution before a justice of the peace for an offense under Section 13376, General Code, to deprive the accused of trial by jury by neglecting to charge a second or subsequent offense under the statute.

This is claimed to be a delegation of legislative or judicial power to the prosecuting witness, inhibited by the Constitution.

We hold, however, that it is a rule of practice and procedure, constitutionally enacted for the benefit of the accused, protecting him against a sentence of imprisonment, unless the information or affidavit distinctly charge a second or subsequent offense.

Gibbs was tried as for a first offense; his punishment does not include imprisonment; had the law made no severer punishment for a second or subsequent offense, no claim would be made that any of his constitutional rights were infringed.

We fail to see what difference it makes to him that if he had been tried for some other and different offense, he might have had a trial by jury.

Judgment affirmed.